|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | CENTRAL DISTRICT OF CALIFORNIA |

| | |
|---|---|
| M.A.D.R., | Case No. 2:18-cv-07506-SHK |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff M.A.D.R.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner," "Agency," or "Defendant") denying her application for disability insurance benefits ("DIB"), under Title II of the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. § 405(g), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records discussed in this Opinion and Order.

## I. BACKGROUND

Plaintiff filed an application for DIB on January 22, 2015, alleging disability beginning on July 27, 2008. Transcript ("Tr.") 158-59.[2] Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ") and, on September 5, 2017, ALJ Richard T. Breen determined that Plaintiff was not disabled. Tr. 17-28. Plaintiff sought review of the ALJ's decision with the Appeals Council, however, review was denied on August 3, 2018. Tr. 1-8. This appeal followed.

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.") (citation omitted). A reviewing

---

[2] A certified copy of the Administrative Record was filed on January 31, 2019. Electronic Case Filing Number ("ECF No.") 19. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

2

court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

>  (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
>  (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps

one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

> Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [DIB]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [DIB]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [DIB]. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [DIB]. See id.

Id. at 1098-99.

### B. Summary Of ALJ's Findings

The ALJ determined that Plaintiff "last met the insured status requirements of the . . . Act on June 30, 2014." Tr. 19 (citation omitted). The ALJ then found at step one, that "[Plaintiff] did not engaged in [SGA] during the relevant period from her alleged onset date of July 27, 2008, through her date last insured of June 30, 2014 (20 CFR 404.1571 et seq.)." Id. At step two, the ALJ found that "[t]hrough the date last insured, [Plaintiff] had the following severe impairments: degenerative disc disease of the lumbar spine and obesity (20 CFR 404.1520(c))." Id. At step three, the ALJ found that "[t]hrough the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." Tr. 22.

In preparation for step four, the ALJ found that through the date last insured, Plaintiff has the residual functional capacity ("RFC") to:

5

perform medium work as defined in 20 CFR 404.1567(c) including
lifting up to 50 pounds occasionally and 25 pounds frequently, and
sitting, standing and/or walking up to 6 hours in an 8-hour workday,
with the follow restrictions: she can frequently climb ramps and stairs;
she can only occasionally climb ladders, ropes, and scaffolds; she can
only occasionally stoop, kneel, crouch, and crawl; she can frequently
balance; she must avoid work at unprotected heights, around moving
mechanical parts, or in humidity and wetness.

Tr. 23. The ALJ then found, at step four, that "[t]hrough the date last insured, [Plaintiff] is unable to perform any past relevant work [("PRW")] (20 CFR 404.1565)." Tr. 26.

In preparation for step five, the ALJ noted that "[Plaintiff] was born on June 20, 1961 and was 53 years old, which is defined as an individual closely approaching advanced age, on the date last insured. [Plaintiff] subsequently changed age category to advanced age (20 CFR 404.1563)." Tr. 26. The ALJ observed that "[Plaintiff] has a limited education and is able to communicate in English (20 CFR 404.1564)." Tr. 27. The ALJ then added that "[t]ransferability of job skills is not an issue in this case because [Plaintiff's] [PRW] is unskilled (20 CFR 404.1568)." Id.

At step five, the ALJ found that "[t]hrough the date last insured, [c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed (20 CFR 404.1569 and 404.1569(a))." Id. Specifically, the ALJ found that Plaintiff could perform the "unskilled" occupations of "hand-packager," as defined in the dictionary of occupational titles ("DOT") at DOT 920.587-018, "dining room attendant (DOT 311.677-018)," and "machine packager (DOT 920.685-078)." Id. The ALJ based his decision that Plaintiff could perform the aforementioned occupations "on the testimony of the [VE]" from the

6

administrative hearing, after "determin[ing] that the [VE's] testimony [wa]s consistent with the information contained in the [DOT]." Tr. 27-28.

After finding that through the date last insured, "[Plaintiff] was capable of making a successful adjustment to other work that existed in significant numbers in the national economy," the ALJ concluded that "[a] finding of 'not disabled' is . . . appropriate under the framework of the above-cited rules." Tr. 28. The ALJ, therefore, found that "[Plaintiff] was not under a disability, as defined in the . . . Act, at any time from July 27, 2008, the alleged onset date, through June 30, 2014, the date last insured (20 CFR 404.1520(g))." Id.

### C. Issues Presented

In this appeal, Plaintiff raises three issues: (1) whether the ALJ properly "formulate[d] Plaintiff's [RFC]"; (2) whether the ALJ properly found that she "could perform alternative work" at step five; and (3) whether "Plaintiff's properly credited limitations [were] sufficient to command reversal." ECF No. 24, Joint Stip. at 4.

### D. Court's Consideration Of Plaintiff's First Issue

#### 1. Parties Arguments

Plaintiff argues that the ALJ's RFC finding was not supported by substantial evidence because the ALJ improperly (1) rejected her subjective symptom statements; (2) rejected an August 2010 opinion from her treating physician, Gil Tepper, M.D.; and (3) omitted from the RFC the improperly rejected limitations expressed by her and Dr. Tepper. Id. at 6. Plaintiff argues that the rejection of Dr. Tepper's opinion was not harmless because Dr. Tepper opined that Plaintiff's limitations were consistent with "light work" and because "at the level of 'light' work, at age 50, Plaintiff must be found disabled by virtue of the Medical-Vocational guidelines (grids)." Id. at 7-8. Plaintiff argues that the improperly rejected evidence should be "established as a matter of law for purposes of analysis of this decision" and that this case should be remanded for payment of benefits

7

because "there are no outstanding issues left to be resolved." Id. at 11, 19, 21, 26-27.

Defendant responds that the ALJ's RFC finding was supported by substantial evidence because the ALJ's assessments of Plaintiff's statements and Dr. Tepper's opinion were also supported by substantial evidence. Id. at 12, 16. With respect to the ALJ's rejection of Plaintiff's statements, Defendant argues that "[t]he ALJ first summarized Plaintiff's statements and testimony regarding her impairments and her associated symptoms and limitations" and "then checked them against the record evidence." Id. at 12 (citations omitted). Defendant argues that "[t]he evidence since Plaintiff's alleged onset date, . . . through her date last insured, . . . was simply not consistent with her allegations," and that "Plaintiff received mostly conservative and mostly effective treatment during the relevant period." Id. at 13-15. With respect to the ALJ's rejection of Dr. Tepper's August 2010 opinion, Defendant concedes that "the ALJ did not explicitly address it[.]" Id. at 16. However, Defendant argues that "[i]mplicit though the rejection may have been, it was nevertheless supported by substantial evidence." Id. Defendant argues that Dr. Tepper's opinion "was inconsistent with the treatment and examination records" and "[b]ecause Dr. Tepper clearly based this opinion on Plaintiff's dubious subjective complaints, the ALJ's implicit rejection of the opinion was proper." Id. at 16-17.

The Court begins by discussing the ALJ's treatment of Dr. Tepper's August 2010 opinion.

### 2. Dr. Tepper's August 2010 Opinion

On August 24, 2010, Dr. Tepper prepared a "Primary Treating Physician's Permanent and Stationary Report[,]" wherein he discussed his treatment of Plaintiff, Plaintiff's other relevant medical history, Plaintiff's subjective complaints, Plaintiff's ADL's, examination findings, diagnoses, his opinions on Plaintiff's limitations, and his recommendations for future medical care. Tr. 389-

8

404. Dr. Tepper found, in pertinent part, that "[w]ith regard to [Plaintiff's] lumbar spine and left hip, [Plaintiff] is precluded from the performance of prolonged sitting/standing/walking, repetitive bending, stooping, squatting, twisting, and lifting greater than 15 pounds." Tr. 401. Dr. Tepper opined that "[a]t this time, . . . [Plaintiff] has reached Maximal Medical Improvement from the effects of the industrial injury." Tr. 400.

In support of the limitations he assessed, Dr. Tepper noted his diagnoses of Plaintiff, including:

- "lumbar spine herniated nucleus pulposus, L4-5, L5-S1, per MRI dated 9/23/08 and 7/13/10";
- "lumbar spine facet hypertrophy, L4-L5, per MRI dated 9/23/08 and 7/13/10";
- "bilateral lower extremity radicular pain";
- "left hip musculoligamentous sprain/strain";
- "anxiety/depression, secondary to industrial injury/pain";
- "[("gastroesophageal reflux disease") GERD], secondary to medication/pain";
- "insomnia, secondary to industrial injury/pain."

Id. (capitalization normalized).

Dr. Tepper also noted that the "objective factors of disability[,]" with respect to Plaintiff's lumbar spine, included: reduced range of motion, abnormal physical exam, decreased muscle strength, and positive MRIs, dated September 23, 2008, and July 13, 2010. Id. (capitalization normalized. Dr. Tepper added that the "objective factors of disability[,]" with respect to Plaintiff's left hip, included: reduced range of motion and abnormal physical exam. Tr. 401.

### 3. ALJ's Consideration Of Dr. Tepper's Opinion

The ALJ observed that, following a workplace injury in 2008 that resulted in lower back pain and a worker's compensation claim, Plaintiff "received regular

9

treatment" with Dr. Tepper from 2008, "throughout 2009[,] and early 2010." Tr. 24 (citing Tr. 356-81, 384). The ALJ also observed that "[a]t an examination with Dr. Tepper in August 2010, [Plaintiff] exhibit[ed] decreased range of motion of the lumbar spine, diffuse tenderness to palpation along the lumbar paravertebral musculature, hypoesthesia along the L5 and S1 dermatomes, and positive straight leg raisings test on the left." Tr. 25 (citing Tr. 396).

The ALJ next "considered the various opinions provided by worker's compensation physicians, including [Dr.] Tepper, . . . whom opined in 2008 and 2009 that [Plaintiff] was 'temporarily totally disabled' [("TTD")]" and found that "the conclusion by a physician that a claimant is TTD in the context of a workers' compensation case is not relevant with regard to an application under the . . . Act." Tr. 26. The ALJ explained that the term TTD "is used in workers' compensation law to indicate that [for] a certain moment or for a certain period in time a worker is unable to return to the job being performed at the time of the injury, with or without modifications to the job requirements." Id. The ALJ found that because "[t]his is not the same criteria used to determine disability under the . . . Act[,]" such a finding is "not relevant" here. Id. The ALJ added that "[t]he objective clinical diagnostic evidence used by the physician to come to that conclusion and included in the physician's reports has been considered" and "is consistent with a determination that [Plaintiff] could do work within the limitations noted herein." Id. The ALJ, however, did not consider or discuss Dr. Tepper's August 2010 opinion.

**4.    Standard To Review ALJ's Analysis Of Medical Opinions**

There are three types of medical opinions in Social Security cases: those from treating physicians, examining physicians, and non-examining physicians. <u>Valentine v. Comm'r Soc. Sec. Admin.</u>, 574 F.3d 685, 692 (9th Cir. 2009) (citation omitted). "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical

10

and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). "When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." Id. (citing 20 C.F.R. § 404.1527(c)(2)–(6)).

"'To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence.'" Id. (quoting Ryan v. Comm'r Soc. Sec. Admin., 528 F.3d 1194, 1198 (9th Cir. 2008)). "This is not an easy requirement to meet: 'the clear and convincing standard is the most demanding required in Social Security cases.'" Garrison v. Colvin, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting Moore v. Comm'r Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)).

"'If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.'" Trevizo, 871 F.3d at 675 (quoting Ryan, 528 F.3d at 1198). "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" Garrison, 759 F.3d at 1012 (quoting Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007)). "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Trevizo, 871 F.3d at 675 (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

/ / /

/ / /

### 5. **Standard To Review ALJ's RFC Finding**

The RFC is the maximum a claimant can do despite her limitations. 20 C.F.R. § 404.1545. In determining the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate all of the relevant medical and other evidence, including the claimant's testimony. SSR 96-8p, available at 1996 WL 374184. The ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). "An ALJ must propound a hypothetical to a VE that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations." Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001).

### 6. **ALJ's Decision Is Not Supported By Substantial Evidence**

Here, as an initial matter, the Court notes that the ALJ considered and discussed the contradictory opinions of other doctors in his unfavorable decision. See e.g., Tr. 26, 401 (ALJ discussing the opinion of M. Sohn, M.D., that Plaintiff could perform "medium work with frequent postural activities[,]" whereas, Dr. Tepper opined that Plaintiff could lift only fifteen pounds, which is consistent with a limitation to light work[3]). As such, the clear and convincing standard applies here.

Here, it is undisputed that the ALJ did not consider or discuss Dr. Tepper's August 2010 opinion. Although Defendant argues that the ALJ's implicit rejection of Dr. Tepper's opinion was proper and provides various explanations as to why Dr. Topper's treating opinion should be rejected, the Court cannot affirm the ALJ's decision on Defendant's post-hoc explanations. See Stout v. Comm'r Soc.

---

[3] See SSR 83-10, 1983 WL 31251, at *5 (light work requires "lifting no more than 20 pounds at a time with frequent lifting or carrying objects weighing up to 10 pounds" and medium work requires "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.").

Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (the Court cannot affirm the ALJ's decision on grounds not invoked by the Commissioner) (citation omitted). Moreover, Dr. Tepper's opinion is well supported by objective evidence, including Dr. Tepper's own clinical diagnoses of Plaintiff, MRI imaging, limitations observed upon examining Plaintiff, and reference to his longitudinal treatment of Plaintiff over a three-year period. Accordingly, the Court finds that the ALJ's implicit rejection Dr. Tepper's well-supported August 2010 treating opinion, wherein the ALJ failed to provide any reason for rejecting the opinion, much less clear and convincing reasons, was not supported by substantial evidence.

Additionally, because Dr. Tepper opined that Plaintiff had greater limitations than the ALJ included in Plaintiff's RFC, and because the ALJ failed to consider or discuss Dr. Tepper's opinion, the Court finds that the ALJ's RFC assessment was not supported by substantial evidence in the record. See Trevizo, 871 F.3d at 675. As such, because the RFC and, by extension, the dispositive hypothetical question posed to the VE, was not supported by substantial evidence, the Court finds that the ALJ's step-five finding, which relied upon the VE's testimony, was similarly not supported by substantial evidence. Thus, the Court finds that remand is appropriate here.

However, because Dr. Tepper's opinion is contradicted by other medical opinions in the record, the Court cannot conclude that further administrative hearings would serve no useful purpose here so that the ALJ may reassess Plaintiff's limitations and RFC in light of all the evidence in the record, including Dr. Tepper's August 2010 opinion. As such the Court finds that remand for further proceedings is appropriate here so that the ALJ may reconsider Plaintiff's RFC in light of Dr. Tepper's August 2010 opinion. Finally, because the Court finds that remand is appropriate for the aforementioned reason, it does not address Plaintiff's remaining assignments of error.

/ / /

## IV. CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). See Garrison, 759 F.3d at 1009 (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing.") (citation and internal quotation marks omitted).

DATED: 1/31/2020

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge